CASE 57—MOTION—SEPTEMBER 26.

# Nepp vs. Commonwealth.

### APPEAL FROM GREENUP COUNTY COURT.

On an application for tavern license, the county court has a large margin of discretion which the court of appeals should never control, unless it has been manifestly abused.

W. C. IRELAND, for appellant, cited 18 *B. Mon.*, 14.

JNO. M. HARLAN, Attorney General, for Commonwealth.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On the appellant's application for license to keep a tavern at his residence in Greenup county, the proof showed that the public would be benefited by a house of entertainment at that place, and that he was, in every way, qualified and prepared to keep a comfortable tavern. But, nevertheless, the county court rejected his application on satisfactory and uncontradicted proof that the retail of intoxicating liquors would be pestilent and demoralizing in that neighborhood, and so near to iron furnaces, a church, and a school-house.

Without any license the appellant might lawfully keep a house of private entertainment, and such accommodation is

all that is needed, according to all the testimony. But, as such a house would not be authorized to sell liquors, and a tavern license implies that privilege, the appellant's object is, not merely to entertain travelers, but chiefly to sell whisky and other intoxicating drinks.

On such applications, the county courts properly have a peculiarly large margin of discretion, which this court should never control unless it has been manifestly abused.· And not seeing any abuse of sound discretion in this case, the judgment is affirmed.